UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MARICHAL HAIRSTON, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 15-81-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| FRANCISCO QUINTANA, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Marichal Hairston is presently confined at the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"). On March 31, 2015, he filed a *pro se* Complaint pursuant to the doctrine announce in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [Record No. 1] Hairston contends that, after officials for the Bureau of Prisons ("BOP") initially approved an outside physician's request that he receive hip replacement surgery, the approval was revoked because he was morbidly obese with a Body Mass Index of 60. The BOP indicated that Hairston would need to lose at least 230 pounds to reduce his BMI to 30 before the surgery could be performed. *Id*. at pp. 4-7. Hairston contends that losing this weight before the surgery is unreasonable because his hip injury made walking or movement impractical. Hairston has named three defendants in this action: Francisco Quintana, Warden of FMC-Lexington; J.C. Holland, Warden of U.S.P. – McCreary; and C. Eichenlaub, the Director of the Mid-Atlantic Regional Office. *Id*. at pp. 1-2.

On October 30, 2015, the defendants moved to dismiss the Complaint or, alternatively, for summary judgment. [Record No. 16] The Court extended Hairston's deadline to respond to

-1-

December 18, 2015.  Further, the Court expressly cautioned Hairston that his Complaint could be dismissed for failure to prosecute if he did not file a timely response.  [Record No. 17]  Several months have passed without any response or communication from Hairston.  This matter, therefore, is ripe for decision.[1]

The defendants have attached and relied upon documents and declarations extrinsic to the pleadings in support of their motion to dismiss.  As a result, the Court will treat the motion as one summary judgment.  Fed. R. Civ. P. 12(d); *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F. 3d 1102, 1104 (6th Cir. 2010).  A party moving for summary judgment must establish that, even viewing the record in the light most favorable to the nonmovant, there is no genuine dispute as to any material fact and that he is entitled to a judgment as a matter of law.  *Loyd v. St. Joseph*

---

[1] Independent from the Court's resolution of the motion for summary judgment, Hairston's failure to respond would also result in dismissal of his complaint for failure to prosecute. To determine whether dismissal is appropriate under Federal Rule of Civil Procedure 41(b), the Court considers: "1) whether the plaintiff's claim was vexatious or fictitious; 2) whether the length of the delay indicates a desire not to prosecute; and 3) whether and to what extent the party, rather than counsel, was responsible for the delay." *Lovejoy*, 19 F. 3d 1433, 1994 WL 91814, at *2 (6th Cir. March 21, 1994) (citing *Bishop v. Cross*, 790 F.2d 38, 39 (6th Cir. 1986)). The Court is unable to conclude that Hairston's claim is "vexatious" or "fictitious," but it is both plainly barred and fails to state a viable claim against the named defendants. Hairston's failure to respond to the motion for nearly five months also strongly suggests that he has abandoned his claims. And because Hairston is proceeding *pro se* his failure to respond is clearly attributable to him rather than to counsel.

Consideration of the above factors supports dismissal of the case for failure to prosecute, particularly because the Court expressly advised Hairston that it would dismiss the case if he did not file a response. [Record No. 17] Because giving a prior warning of possible dismissal "is pivotal to the determination of willfulness," *Lovejoy*, 1994 WL 91814, at *2, Hairston's silence is a powerful indication that he intentionally chose to abandon his claims. See *Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988). Nor is Hairston's inaction likely the consequence of mistake or neglect. The BOP's online Inmate Locator database indicates that Hairston has remained incarcerated at FMC-Lexington since this action was filed and the Court's Order directing a response was not returned as undeliverable by the Postal Service. Hairston's case is therefore also subject to dismissal for failure to prosecute. Fed. R. Civ. P. 41(b); *Bowles v. City of Cleveland*, 129 F. App'x 239, 242 (6th Cir. 2005).

*Mercy Oakland*, 766 F. 3d 580, 588 (6th Cir. 2014). Because Hairston did not respond to the motion, "[t]he court is required, at a minimum, to examine the movant's motion for summary judgment to ensure that he has discharged that burden [to demonstrate the absence of a genuine issue of fact]." *Carver*, 946 F.2d at 455 ("the movant must always bear this initial burden regardless if an adverse party fails to respond."). However, because a non-moving party who fails to respond cannot identify genuine issues of material fact remaining for trial, the court may accept (although not uncritically) the defendants' factual assertions as true. *Guarino v. Brookfield Tp. Trustees*, 980 F.2d 399, 404-07 (6th Cir. 1992).

The defendants' motion for summary judgment is lengthy and supported by nearly 400 pages of medical records and inmate grievance documents. These materials establish that they are entitled to summary judgment. First, Hairston failed to properly exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a) when he failed to cure the defect which led to the Central Office's rejection of his February 20, 2014, appeal. [Record No. 16-1 at pp. 2-5; 14-20] Because "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules . . . ", *Woodford v. Ngo*, 548 U.S. 81, 90 (2006), courts have consistently held that a prisoner's failure or refusal to correct readily curable defects during the grievance process constitutes an abandonment of the grievance process, not its completion. Cf. *Lee v. Benuelos*, 595 F. App'x 743, 746-47 (10th Cir. 2014) (holding *Bivens* claims unexhausted where prisoner disregarded Central Office's direction to re-file grievance with institution); *Boyd v. United States*, 396 F. App'x 793, 796 (3d Cir. 2010); *Thornton v. Daniels*, 554 F. App'x 762, 766-67 (10th Cir. 2014); *Cantrall v. Chester*, 454 F. App'x 679, 680-81 (10th Cir. 2012). This Court has adhered to this rule. *Arzate-Miranda v. Farley*, No. 7: 11-CV-116-KKC, 2015 WL 520557, at *5 (E.D. Ky. Feb. 9, 2015) ("A rejection of an administrative remedy is not the same as the BOP

-3-

having ruled on the merits of an administrative remedy. A prisoner's failure either to complete the exhaustion of administrative remedies and/or to cure the deficiencies with his administrative remedies constitutes a failure to exhaust."); *Odom v. Helton*, No. 0: 12-80-HRW, 2013 WL 4012889, 8 (E.D. Ky. Aug. 6, 2013); see also *Campbell v. Patton*, No. 0: 07-71-HRW, 2008 WL 559681, at *2 (E.D. Ky. Feb. 27, 2008).

Second, Hairston's claim is time-barred even if the running of the limitations period were equitably tolled while he exhausted his administrative remedies. [Record No. 16-1 at pp. 21-23] Hairston's claim accrued on June 3, 2013, when he was advised that the prior approval for the hip replacement surgery was revoked. *Estate of Abdullah ex rel. Carswell v. Arena*, 601 F. App'x 389, 393-94 (6th Cir. 2015) ("Once the plaintiff knows he has been hurt and who has inflicted the injury, the claim accrues.") (internal quotation marks omitted) (citing *United States v. Kubrick*, 444 U.S. 111, 122 (1979)). Because the operative events in the complaint took place in Kentucky, Hairston was required to file suit asserting his constitutional claim within one year. Ky. Rev. Stat. § 413.140(1)(a); *Hornback v. Lexington-Fayette Urban Co. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013); *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003).

While 28 C.F.R. § 542.14(a) required Hairston to file his grievance with the warden within twenty days after he received notice that the procedure would not be approved on June 3, 2013, he did not do so until six months later (December 2, 2013). Further, he never responded to the Central Office's March 28, 2014, rejection of his final appeal. [Record No. 16-1 at p. 17] Hairston's efforts to exhaust his administrative remedies were dilatory and incomplete; therefore, equitable tolling would not be warranted. Cf. *Cheatom v. Quicken Loans*, 587 F. App'x 276, 281 (6th Cir. 2014); see also *Cuco v. Federal Medical Center-Lexington*, No. 05-CV-232-KSF, 2006 WL 1635668, at *26 (E.D. Ky. June 9, 2006), *aff'd*, 257 F. App'x 897 (6th Cir. 2007) (citing

-4-

*Miller v. Collins*, 305 F.3d 491, 495-96 (6th Cir. 2002)); *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period ... [but we] have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.")).

Even if Hairston were given the benefit of equitable tolling for the 116 days during which he was exhausting his administrative remedies (December 2, 2013, to March 28, 2014), his claim would still be time barred. The statute of limitations began to run from the date his claim accrued (June 3, 2013) until he commenced the inmate grievance process (December 2, 2013), a period of 182 days. It began to run again when the Central Office rejected his appeal (March 28, 2014) and, therefore, expired 183 days later (September 27, 2014). Hairston's Complaint is deemed filed on the date he signed it (March 24, 2015) six months after the statute of limitations had run. *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008). Thus, Hairston's *Bivens* claims are time-barred, and must be dismissed. *Dellis v. Corr. Corp. of Am.,* 257 F.3d 508, 511 (6th Cir. 2001).

Finally, Hairston named as defendants two wardens and one regional administrator. None of these defendants are medical professionals who were directly involved in making medical decisions regarding plaintiff's care. [Record No. 16-1 at pp. 24-25]  See *Estate of Young v. Martin*, 70 F. App'x 256, 260-61 (6th Cir. 2003) (plaintiff failed to establish warden's personal involvement in inmate's medical care); *Brock v. Wright*, 315 F.3d 158 (2d Cir. 2003) (absent evidence that warden was medically trained or independently understood allegedly adverse consequences of regional medical director's decision not to refer prisoner for outside treatment, warden was not liable for deliberate indifference to prisoner's medical needs merely

for adopting medical director's decision); *Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004) ("If a prisoner is under the care of medical experts ... a non-medical prison official will generally be justified in believing that the prisoner is in capable hands."); *Coleman v. Lappin*, No. 6: 10-CV-186-GFVT, 2011 WL 4591092, at *6-7 (E.D. Ky. 2011) (collecting cases). And merely denying an inmate's grievance is not a basis to impose liability with respect to the conduct underlying the grievance. See *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003) ("The mere denial of a prisoner's grievance states no claim of constitutional dimension."); *Martin v. Harvey*, 14 F. App'x 307, 309-10 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). For these reasons, the defendants' motion for summary judgment is appropriate and will be granted. Accordingly, it is hereby

**ORDERED** as follows:

1. The defendant's motion for summary judgment [Record No. 16] is **GRANTED**.

2. Plaintiff Marichal Hairston's Complaint [Record No. 1] is **DISMISSED WITH PREJUDICE**.

3. The Court will enter an appropriate judgment this date.

4. This matter is **STRICKEN** from the active docket.

This 28th day of March, 2016.



Signed By:
*Danny C. Reeves* DCR
United States District Judge